# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

NEW PARADIGM ENTERPRISES, )
INC., d/b/a **Q101**, )
                                                          )
    Plaintiff and Counter-Defendant, )
                                                          )
    v. ) Case No. 12 C 5160
                                                          )
**MERLIN MEDIA LLC**, )
                                                          )
    Defendant and Counter-Plaintiff. )

## MEMORANDUM OPINION AND ORDER

New Paradigm Enterprises, Inc. ("New Paradigm") has responded to the Counterclaim filed by defendant Merlin Media LLC ("Merlin") in this action initially brought by New Paradigm. Because that responsive pleading, captioned "New Paradigm Enterprises, Inc. Answer to Affirmative Defenses, Answer to Counterclaim and New Paradigm Enterprises, Inc. Affirmative Defenses," is problematic in several respects, this memorandum opinion and order is issued sua sponte to address those aspects of the pleading.

To begin with, the portion of the pleading that asserts proposed answers to affirmative defenses that Merlin had advanced in response to New Paradigm's Complaint is not a permissible pleading -- see Fed. R. Civ. P. ("Rule") 7(a). Hence that portion of New Paradigm's pleading is stricken.

Next, New Paradigm has inexplicably departed from the clear roadmap marked out by Rule 8(b)(5) as the basis for obtaining the benefit of a deemed denial (see Counterclaim Answer ¶¶ 5-7 and 11-14). Each of those paragraphs is also stricken, albeit with leave granted to replead.

As long as a repleading is required in any event, New Paradigm's meaningless references to "strict proof" (see App'x 1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001)) are stricken as well. That locution must be deleted wherever it appears.

Finally, New Paradigm's nonresponses in Answer ¶¶ 16 and 32 are at odds with the directive in Rule 8(b)(1)(B). That Rule bars any such waffling nonresponse to the opposing party's allegations. Those paragraphs must be redone as well.

Under ordinary circumstances this Court would require the filing of a self-contained pleading to eliminate the need for a reader to move from document to document to see just what is and what is not contested. Instead the bulk of New Paradigm's filing suggests that it be given leave to file an amendment that simply cures the flaws identified here in the paragraphs where those appear. That amendment must be filed on or before October 22, 2012.

                                                                                                           _____
                                                                                                            Milton I. Shadur
                                                                                                            Senior United States District Judge

Date: October 12, 2012